IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM I. KOCH and BRADLEY GOLDSTEIN,<br><br>      Plaintiffs,<br><br> v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>      Defendant. | Case No. 22 Civ. 4421<br><br>ECF CASE |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. William ("Bill") I. Koch and Bradley Goldstein (together, "Plaintiffs") seek processing of two related FOIA requests submitted to the Federal Bureau of Investigation ("FBI" or "Defendant"). Both of these FOIA requests relate to Bill Koch's decades-long efforts to uncover and expose rampant fraud in the international market for rare wines. Plaintiffs challenge the failure of the FBI to respond to their requests for information related to now-closed investigations of the manufacture and sale of counterfeit wines.

2. Plaintiffs seek declaratory relief that the FBI is in violation of the FOIA and injunctive relief ordering the FBI to process and release to Plaintiffs immediately the requested records in their entirety.

**Parties**

3. Plaintiff William I. Koch is a businessman, philanthropist, and collector of historical art and artifacts—including rare wines. In 2005, Bill Koch discovered that four rare bottles of wine in his collection were counterfeit. Since that time, Bill Koch has sought to expose

fraud in the international rare wine market. His efforts have led to the exposure of the two most prolific wine counterfeiters of the modern era, one of whom was prosecuted in this District.

4. Plaintiff Bradley Goldstein is a media professional, writer, investigator, and commentator on the wine industry. He has overseen Bill Koch's wine investigations since 2006.

5. Defendant Federal Bureau of Investigation is an "agency" of the United States within the meaning of 5 U.S.C. §552(f)(1). It has its headquarters in Washington, D.C. Upon information and belief, the FBI has records responsive to the FOIA request.

## Jurisdiction and Venue

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is premised on the location of the responsive records and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

8. Plaintiffs have exhausted all administrative remedies available pursuant to 5 U.S.C. § 552(a)(6)(C).

## Factual Background

*The Rodenstock FOIA Request and the Royal Wine Merchants FOIA Request*

9. This case relates to Plaintiff Bill Koch's decades-long effort to expose fraud in the international market for rare wine. In 2021 and early 2022, Bill Koch and Bradly Goldstein submitted two FOIA requests to the FBI.

10. The first FOIA request was submitted to the FBI on August 22, 2021. The FOIA request sought the release any and all records relating to a now-deceased wine counterfeiter named Meinhard Gorke. Meinhard Gorke was known in the wine industry as Hardy Rodenstock. He was a well-known wine connoisseur who was for decades involved in the tasting and promotion of rare vintages of wine. The auction house Christie's regularly auctioned his wines, touting him as "Europe's best-known collector of rare wines." He was also a prolific distributor of counterfeit rare wines. Perhaps most famously, he was the source of bottles of rare wine that he claimed had been purchased for Thomas Jefferson, and which Rodenstock claimed were

found in a bricked-up basement in Paris. Rodenstock's claim was widely accepted in the industry, if not without some doubts, until Bill Koch, who had purchased four of the so-called Jefferson Bottles in 1988, was finally able to prove that the bottles were counterfeit. *See* Mitch Frank, *Hardy Rodenstock, Wine Collector and Alleged Counterfeiter, Is Dead at 76*, Wine Spectator, June 8, 2018, https://www.winespectator.com/articles/infamous-wine-merchant-hardy-rodenstock-dies-at-76.

11. The Rodenstock FOIA request sought the release of the following records:

- Any and all records relating to Meinhard Gorke, (a/k/a "Hardy Rodenstock" and "Meinhard Lehner").

- Any and all records relating to any investigation of Meinhard Gorke (a/k/a "Hardy Rodenstock" and "Meinhard Lehner").

- Any and all records contained in or relating to FBI Case Nos. 87-NY-295190 or 374B-NY-295190.

12. The second FOIA request at issue in this case was submitted to the FBI on March 16, 2022. The FOIA request sought the release of any and all records relating to Royal Wine Merchants, a distributor of wines located in lower Manhattan. Royal Wine Merchants played a significant role in the distribution of Rodenstock's counterfeit wines.

13. The Royal Wine Merchants FOIA request sought the release of "[a]ll records relating to Royal Wine Merchants, including, but not limited to all records relating to the investigation of Royal Wine Merchants by the FBI."

14. The FBI has acknowledged receipt of both the Rodenstock FOIA request and the Royal Wine Merchants FOIA request, but has not responded to either request.

*Plaintiff Bill Koch's Role in Exposing Counterfeiting of Rare Wine*

15. As numerous media outlets have explained, much of what is now known about the fraud committed by Hardy Rodenstock and Royal Wine Merchants (as well as the fraud committed by another counterfeiter, Rudy Kurniawan) is due to the efforts of Plaintiff Bill Koch. John R. Wilkie, *Wine Lover's Nose for Fakery Leads to Famed Battles*, The Wall Street Journal, September 1, 2006, https://www.wsj.com/articles/SB115707267275951357; John R. Wilkie,

*U.S. Investigates Counterfeiting Of Rare Wines*, The Wall Street Journal, March 6, 2007, https://www.wsj.com/articles/SB117314967007527891; Mosi Secret, *A Koch Brother, on a Crusade Against Rare Counterfeit Wines, Takes the Stand*, The New York Times, December 13, 2013, https://www.nytimes.com/2013/12/14/nyregion/william-koch-on-counterfeit-wine-crusade-testifies-against-rudy-kurniawan.html; William K. Rashbaum and Matt Flegenheimer, *Renowned Wine Dealer Accused of Trying to Sell Counterfeits*, The New York Times, March 8, 2012, https://www.nytimes.com/2012/03/09/nyregion/wine-dealer-accused-of-trying-to-sell-counterfeits.html; Patrick Radden Keefe, *The Jefferson Bottles*, The New Yorker, August 27, 2007, https://www.newyorker.com/magazine/2007/09/03/the-jefferson-bottles; Michael Streck, *Entkorkt! Der große Weinschwindel*, Stern (German publication), March 25, 2007, https://www.stern.de/wirtschaft/news/entkorkt--der-grosse-weinschwindel-3355208.html; Lettie Teague, *Would You Know a Fake Wine If You Tasted It?*, Wall Street Journal, April 12, 2018; Eric Asimov, *Doubts Grew Slowly Over a Palate Above Suspicion*, The New York Times, March 9, 2012, https://www.nytimes.com/2012/03/10/nyregion/doubts-grew-slowly-about-wine-collector-charged-with-fraud.html; Bernard Burtschy, *De grands crus qui sonnet faux*, Le Figaro, September 7, 2012, https://avis-vin.lefigaro.fr/magazine-vin/o31588-de-grands-crus-qui-sonnent-faux.

16. Bill Koch's interest in exposing fraud in the international market for rare wines began in 2005 when, as he was preparing to exhibit his various collections at the Boston Museum of Fine Arts, he discovered that the four Jefferson Bottles in his collection, which he had purchased in 1988 from Hardy Rodenstock through intermediaries, were counterfeit. In preparation for the intended exhibition, Bill Koch's staff began to investigate the provenance of the four Jefferson Bottles.

17. Bill Koch and his investigators collected significant evidence that the Jefferson Bottles were fake. Among other things, Bill Koch's forensic investigators were able to determine that the engravings on the bottles, "Th.J."—which Rodenstock and Christies claimed were made during the period 1784 to 1789, the years in which Jefferson served as Minister Plenipotentiary

to France—were made by electric power tools and therefore could not possibly have been made during the eighteenth century. In a case subsequently brought by Bill Koch in this District, *Koch v. Rodenstock*, 06 Civ. 6586 (BSJ), the men who Rodenstock commissioned to engrave Jefferson's initials on the bottles testified about their participation in the fraud and the involvement of Hardy Rodenstock. In addition, Bill Koch's investigators discovered the printers who Rodenstock had commissioned to make thousands of false wine labels for rare French first growth wines. Forensic examinations determined that the ink, adhesive glue, and paper used on these bottles all post-dated the vintages—in some cases by decades.

18. Koch's investigators also uncovered evidence linking Rodenstock to Royal Wine Merchants. Records from the U.S. Customs Service, as it was then known, showed that Rodenstock distributed thousands of bottles of counterfeit wines through Royal Wine Merchants. For example, records uncovered by Bill Koch revealed that Rodenstock imported 18 magnum-sized bottles of 1947 Chateaua Lafleur a Pomerol through Royal Wine Merchants—even though, according to the owners of the vineyard, only five magnums of that particular wine were produced in 1947.

19. As of the date of the filing of this complaint, the FBI has not responded to either the Rodenstock FOIA or the Royal Wine Merchants. Plaintiffs now ask the Court for an injunction requiring the FBI to promptly release the requested records.

## CAUSE OF ACTION

### Violation of Freedom of Information Act

20. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

21. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any segregable non-exempt information contained in records in its possession and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

22. FOIA requires the FBI to respond to FOIA requests by releasing any non-exempt records within 20 days of receipt of the request.

23. The FBI has failed to respond to Plaintiffs' FOIA request within the statutorily required time period.

24. Plaintiffs are entitled to an order compelling the FBI to produce records responsive to their FOIA requests.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1. Declare that the documents sought by the FOIA requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

2. Order Defendant Federal Bureau of Investigation to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

3. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

4. Grant Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: May 27, 2022         BOND, SCHOENECK & KING PLLC

By: _____
John D. Clopper
One Lincoln Center
Syracuse, New York 13202-1355
(315) 218-8000
jclopper@bsk.com

*Counsel for Plaintiffs*